UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

BENJAMIN JOSEPH LIGERI,
CENTRAL CONCEPTS, INC.

vs.

C.A. NO. _____

JOSHUA TISCHER,
MICHAEL MURPHY, and
OPTIMISTIC INVESTMENTS, LLC,

JURY TRIAL DEMANDED

# VERIFIED COMPLAINT

The Plaintiffs complain, to the best of their knowledge and belief, as follows:

### I. PARTIES

1. Plaintiff Benjamin Ligeri is and has remained a resident of Connecticut at all times relative to the allegations herein.

2. Plaintiff Central Concepts, LLC is a corporation doing business in Connecticut and having an office in Voluntown, Connecticut through which it maintains a payroll and transacts business in this State and in addition to interstate commerce.

3. Defendant Joshua Tischer is a resident of Arizona.

4. Defendant Joshua Tischer is the principal and sole member and owner of Defendant Optimistic Investments, LLC, a Delaware Corporation.

5. Defendant Michael Murphy is a resident of California.

6. Defendant Michael Murphy also does business under his own name on Amazon.com.

## II. JURISDICTION AND VENUE

7. The Court has jurisdiction under 28 USC §1332(a) because the value of controversy exceeds $75,000 in damages and the Plaintiffs and Defendants are citizens of different states.

## III. FACTS COMMON TO ALL COUNTS

### a. *Nature of the Action*

8. The primary cause of action against the Defendants is for tortious interference with business expectancies. The Defendants intentionally filed numerous false complaints on Amazon.com (an online platform through which the Parties sell and import goods in interstate commerce) to the severe detriment of the Plaintiffs.

9. This cause of action of tortious interference with business expectancies also informs the subsequent second Count of these claims under the Connecticut Unfair Trade Practices Act.

10. This action is also, relative to Plaintiff Ligeri only, for slander and libel.

11. The Plaintiffs began doing business in Connecticut on or about September of 2021 as a full-time resident of the state of Connecticut.

12. This action alleges intentional torts committed by the Defendants of which the animus is, in substantial part, retaliation against the Plaintiffs due to

Defendants' ongoing disputes with Justin Ligeri, the brother of Plaintiff Benjamin Ligeri.

13. The evidence will demonstrate and show that the defamatory and commercial statements made by the Defendants to the public at large, in addition to Amazon, as well as to the US Customs and Border Patrol, regarding the Plaintiffs were made with the purpose, spirit, design and intent to (a) sabotage the Plaintiffs' goodwill and reputation; (b) obstruct the movement and importation of goods to which the Plaintiffs rightfully own and can legally sell; (c) intentionally inflict emotional distress towards Plaintiff Benjamin Ligeri, and (d) utterly destroy Plaintiffs' competition. The intent of the Defendants actions is to ultimately downgrade Plaintiffs' Amazon accounts and deactivate Plaintiffs' Amazon accounts entirely. They have already succeeded in taking the Plaintiffs' best-selling Amazon listings down off Amazon.

14. The Defendants have inflicted damage to the Plaintiff by abusing the Amazon's dispute process.

15. Upon information and belief, the Defendants will not cease engaging in their misconduct until they utterly destroy the Plaintiffs in this case and their finances.

16. Defendants' frivolous complaints filed with Amazon and with the US Border Patrol together must be stopped immediately or these tortious actions will result in irreparable harm to the Plaintiffs for which no adequate remedy at

law exists and monetary damages cannot be recovered.

17. Whatever disputes the Defendants might have with Justin Ligeri, the Plaintiffs in this case are not a party to those disputes. The Plaintiffs have no other adequate remedy at law except to take this legal action to stop the Defendants' retaliatory, malicious, oppressive, and wrongful conduct.

### b. *The Goods, Commerce and Disputes at Issue*

18. Plaintiff Ligeri owns and licenses to Plaintiff Central Concepts the use of the 9-year-old "Health and Household" Amazon account to transact business.

19. Plaintiff Central Concepts, Inc. uses the "Health and Household" Amazon account to sell common, generic and innocuously identifiable household and consumer products, such as moleskin, nutritional supplements, sporting goods, housewares, and the popular "Green Sky" brand rubber ducks.

20. Defendants are aware that they have no legitimate copyright, trademark or license or dispute relating to the products sold by the Plaintiffs through and on Amazon as referenced herein.

21. Defendants are and have remained aware that the Plaintiffs do business in this Amazon forum and primarily operate in this Amazon forum.

22. Defendants are competitors of the Plaintiffs on the Amazon Platform.

23. On information and belief, both the Plaintiffs and Defendants source and import their goods from overseas, which require clearance into the United States, through the US Customs and Border Patrol.

24. On information and belief, Plaintiffs definitely state that none of the goods

sold by the Plaintiffs involve any manufacturer, recipe, formulation, design or schematic common to those sold by the Defendants, and the Defendants are aware of this fact.

25. This action specifically pertains to goods sold by the Plaintiffs through the use of Plaintiffs' accounts on Amazon, none of which involve any trademark or legitimate claim that could rightfully or honestly be made by any of the Defendants.

26. The Plaintiffs have never intentionally made or set out to make any claim to trademarks legally and legitimately owned by any of the Defendants that are the subject of this Action.

27. For the purposes of avoiding any confusion whatsoever, none of the goods, transactions or commerce in this action involve orders or trademarks in an action removed by the Defendants to the United States Massachussetts District Court and assigned docket number 1:21-cv-11654-LTS.

28. That particular Massachusetts case in dispute arose as a consequence of different trademarks Plaintiff Ligeri has legally purchased from companies owned by his brother, Justin Ligeri, which, unbeknownst to Plaintiff Ligeri, as of that time of purchase, the Defendants were asserting identical claims.

29. To clarify and avoid all possible confusion, this Action involves malfeasance and statements of the Defendants made to intentionally destroy the Plaintiffs' business <u>extraneous to the above-referenced Massachusetts dispute and these specific events herein happened well after the filing of the</u>

Massachusetts dispute.

30. The express and intended purpose of the Defendants' strategic action of filing multiple false complaints with Amazon is to fabricate and multiply disputes that relate to the Massachusetts matter in order to harm, defame and destroy the Plaintiffs in all endeavors.

### c. *The Amazon Platform*

31. The Parties referenced in this action conduct and transact their respective businesses on Amazon, a third-party website that allows producers and sourcers of goods to sell their products to consumers nationally in the United States, and worldwide.

32. The Health and Household Account is a 9-year-old legacy account that has accrued goodwill over many years and tens of thousands of Amazon transactions. Such legacy accounts have been rewarded with certain benefits for their age, trust and credibility such as higher search ranking than its competitors' accounts and faster unrestricted access to its earnings.

33. Health and Household (Merchant Token "A3QTR209RK0O9S") Account, like many accounts, relies on customers searching for a product online through Amazon and placing their online order. Health and Household then ships the product directly to the customer and/or Amazon does so on Health and Household's behalf.

34. Under Amazon's current system, any account holders on Amazon can file complaints against other account holders, and in this case, the Defendants

did intentionally file numerous false complaints against the Plaintiffs, their competitors.

35. Under Amazon's current system, complaints filed against account holders have the instant effect of reducing an account's exposure to customers, and hence downranking the number of sales that particular account (the one being complained about) can make and impairing the viability of new listings that particular account (the one being complained about) would otherwise be able to publish, destroying the brand reputation, goodwill, and most of all, costing the account (the one being complained about) a substantial financial loss.

36. Amazon currently does not have a system that requires complaints to be disposed of within a certain timeframe. This loophole allows frivolous complaints to be filed which have immediate adverse effects to the accounts and the listings so long as the complaint remains open because Amazon employs no substantive review process. Amazon's system expects the respondent (similarly situated to the Plaintiffs) to file litigation against the complainant (similarly situated to the Defendants) to force a retraction. The Defendants' scheme capitalizes on this loophole.

37. This Amazon complaint management system loophole has enabled the Defendants to file frivolous complaints and disputes that they would otherwise never intend to bring in court, never could bring in court and could never hope to successfully prosecute on the merits.

38. The Defendants are aware of this Amazon loophole in Amazon's complaint management system and that Amazon's account complaint and deactivation system lacks sufficient staffing and procedures to expeditiously, adequately, fairly, and accurately handle the complaints, regardless of the validity of these complaints.

39. Under the current Amazon complaint management system, Defendant's intentional, malicious and tortious actions of exploiting Amazon's automated defects cause the Plaintiffs to suffer irreparable harm and damage.

40. Defendants are also aware that their false and frivolous complaints to Amazon about Plaintiffs' individual product listings will cause Plaintiffs' products to be immediately removed by Amazon regardless of validity.

41. The Defendants are secondarily aware that many goods sold by the Plaintiffs are new or seasonal, and all that Defendants need to do is obstruct the sale or receipt of those goods early enough in anticipation of a given season (for example, wait until the goods are on order from China before filing the malicious complaints on Amazon) they can then obliterate any hope or opportunity of sales of a particular goods for the entire year.

42. By extension, the Defendants are aware of and intend to exact irreparable harm upon the Plaintiffs for which there is no adequate remedy at law.

### d. The Defendants' False and Frivolous Intellectual Property Complaints Filed On Amazon

43. The Defendants filed Amazon Complaint Number 9845640111 and an

Amazon Authenticity Complaint for ASIN B09W14CNSV claiming Plaintiffs' product violated Michael Murphy's trademark # 5437444 which Plaintiffs' product in no way, shape, or form resembles. The Plaintiffs' listing is for "Glow Stars" under the "Green Sky" brand. This listing was launched the last week of March 2022 with potential for millions of dollars in sales and a very successful early campaign. Murphy falsely contends he owns the right to the Plaintiff's generic listing and purports it to be the "Ultra Glow Super Stars" listing of ASIN B09KZDHYXX which it clearly is not. Murphy filed these complaints purely to stop the success of this listing. Also, on information and belief, he downgraded the listing to consumers with a series of scathingly negative testimonials about the product.

44. The Defendants Joshua Tischer and Optimistic Investments actively chose to file Amazon Complaint Number 9602326431 regarding a generic listing for neon hair scrunchies under the fictitious brand "blonde" created by Justin Ligeri who conveyed the rights to Benjamin Ligeri, to sell the generic neon hair scrunchies being offered on ASIN B084Y9B4VC. Defendants asserted trademark # 5795085 for a brand called "Counterfeit Blonde". Since enforcement of any true intellectual property interest was not the purpose of the Defendants' complaint against this listing, but rather since the purpose was to suppress the Plaintiffs' income and business and risk Plaintiffs' account on Amazon, Defendants did not report and takedown other sellers of the product, just the Plaintiffs.

45. The Defendants Joshua Tischer and Optimistic Investments filed Amazon Complaint Number 9322972511 again, specifically against the Plaintiff and not the other sellers on the page related to ASIN B079CTZL6B. They falsely asserted the Plaintiff was counterfeiting trademark # 5263260. This Amazon listing complained about is for a generic set of four ice cube trays under a fictitious brand "Mr Kitchen OIG Brands". The Amazon brand is not listed under trademark # 5263260 and nowhere in the product images, title, description or bullet points is trademark # 5263260 referenced.

46. The Defendants Joshua Tischer and Optimistic Investments, identifying themselves as Cheyenne Brands, filed Amazon Complaint Number 9602411601 for Amazon ASIN B082LPPKS8 wherein they falsely claimed trademark # 6237358 to be operative. Trademark # 6237358 is for the "Cheyenne Brands" mark which has absolutely nothing to do with this ASIN complained about. This complaint took one of the Plaintiff's best sellers down off Amazon.com. This ASIN is listed under a pending trademark for Plaintiff Central Concepts, Inc. called "Cristinagenix" filed on 12/07/2021 with first use in commerce of 9/20/2021. The only word that appears on the packaging is "Cristinagenix". There is no reference to the mark "Cheyenne Brands" anywhere on the Amazon page, nowhere in the photographs, nowhere on the product or packaging, nowhere in the specimen filed with the USPTO.

47. The Defendants Joshua Tischer and Optimistic Investments filed Amazon

Complaint Number 9602247461, for copyright infringement. This particular Amazon Complaint was against Plaintiff's 25-pack rubber duck assortment found on Amazon ASIN B09Q7SRKJH. Amazon did not reveal the copyright registration being claimed by Defendants and no copyright registration exists. Plaintiff's dedicated photographer took the photos of the ducks quite recently prior to the Amazon Complaint. The duck molds are owned by Chinese factories that allow any US vendors to use them and brand them on Amazon. This particular Amazon Complaint filed by the Defendants is fraudulent, and had the known, intended and foreseeable effect of jeopardizing one of Plaintiff's top sellers and putting his entire account at risk. Additional false copyright complaints filed by Defendants in Amazon Complaint Numbers 9602229121, 9602288221, and 9602305831 relate to other Green Sky brand rubber ducks sold by Plaintiffs. The Defendants also sell rubber ducks on the most popular Amazon listing of all time for rubber ducks.

48. The Defendants conspired to and in fact filed the complaints and scathingly negative testimonials described in ¶¶-43-47 knowing that the complaints and testimonials were false and the Defendants did so with full knowledge of their falsity or reckless disregard as to the truth.

49. The statements of the Defendants were in writing and falsely alleged that the Plaintiffs committed criminal trademark infringement, copyright infringement and fraud.

50. The statements of the Defendants were in writing which falsely alleged that the Plaintiffs were dishonest in their trade, business and vocations.

51. These false statements of the Defendants were designed and intended to malign the goodwill and reputation of the Defendants.

52. These false statements of the Defendants were designed and intended to interfere with the Plaintiffs' existing business expectancies with Amazon and Amazon customers.

53. On information and belief, the Plaintiffs believe that the Defendants intend to file additional false Amazon complaints against the Plaintiffs' products which have nothing at all to do with their disputes pending in the United States Court for the District of Massachusetts referenced above.

### e. The Defendants' Frivolous US Customs and Border Patrol Complaints

54. In November/December, 2022, the Defendants wrongfully caused the withholding of one of Plaintiffs' shipping containers carrying Christmas goods by filing a complaint with the US Customs Office (assigned case number 2022460100065301). The purpose of the Defendants' false complaint was to obstruct the transit of the Plaintiffs' goods and not to protect any legitimate trademark interests.

55. Again, several months later, the Defendants wrongfully caused the withholding of another one of Plaintiffs' shipping containers carrying the Green Sky rubber ducks as well as other products under trademarked

brands indisputably owned by the Plaintiffs, thus delaying that shipment, its sales, and creating more freight surcharges the Plaintiffs cannot afford to pay. On information and belief, the Plaintiffs believe that the Defendants will continue searching for shipping containers of the Plaintiffs' goods to intercept so as to further obstruct the Plaintiffs' business operations.

56. The Defendants have intentionally reached into the forum using computer networks, specifically those of their Internet Service Providers, Amazon and they take advantage of existing loopholes in the Amazon complaint management system to file false complaints against the Plaintiffs in Connecticut and also reached out to the US Government itself (the US Custom and Border Patrol), to make the false statements regarding intellectual property disputes so as to obstruct the Plaintiffs' operations by causing delayed release and seizure of Plaintiffs' imported goods. The Defendants sell products in the state of Connecticut via the Amazon platform and the Defendants attacked the Plaintiff in the state of Connecticut while sending him and his business mail to his Connecticut address for the purpose, spirit and intent of inflicting damage in this forum.

### IV. SPECIFIC COUNTS

**COUNT ONE: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES (ALL PLAINTIFFS v ALL DEFENDANTS)**

57. The Plaintiffs have a business relationship with Amazon as the Plaintiffs have publicly conducted business in selling on the Amazon Forum for many

years.

58. The Defendants were aware of the Plaintiffs' business relationship with Amazon, their customers and their licensing agreement among themselves.

59. Knowing the same, as alleged, the Defendants intended to interfere and indeed actually interfered with those business relationships by filing false complaints (and giving false testimonials) against the Plaintiffs as detailed in the above-referenced filings stated in ¶¶43-47.

60. Defendants' action of interference was inappropriate and was an unfair and unethical business practice against any competitor.

61. As a consequence of the Defendants' interference, the Plaintiffs have suffered in the form of lost sales, goodwill, and even the ability to launch new products and irreperable harm that cannot be compensated monetarily.

WHEREFORE, the Plaintiffs claim:

A. Costs

B. Attorney fees

C. Damages

D. Injunctive relief that the Defendants withdraw all Complaints they filed on Amazon against the Plaintiffs and injunctive relief that they not file any complaint with Amazon or US Customs and Border Patrol without leave of Court upon a showing of probable cause supported by oath or affirmation and with evidence supporting the same.

## COUNT TWO: CONNECTICUT UNFAIR TRADE PRACTICES ACT (CGS §42-110g) (ALL PLAINTIFFS v ALL DEFENDANTS)

62. The Plaintiffs have a business relationship with Amazon as the Plaintiffs have publicly conducted business in selling on the Amazon Forum for over 8 years.

63. The Defendants are themselves conducting business and selling products on Amazon as their primary line of business under Conn. Gen. Stat. § 42-110a(4).

64. The Defendants were aware of the Plaintiffs' business relationship with Amazon, their customers and their licensing agreement among themselves.

65. The Defendants knowing the same as alleged, intentionally committed and filed false complaints as referenced above in ¶¶43-47 against the Plaintiffs on Amazon and thus wrongfully interfered with Plaintiffs' business relationships.

66. Defendants' actions of interference through false complaints are immoral, unethical, oppressive, and unscrupulous, and violates the CUTPA.

67. The Defendants' interference has unfairly and proximately caused the Plaintiffs, a competitor, to suffer damages in lost sales, goodwill, the ability to launch new products, ascertainable, substantial and irreperable harm that cannot be compensated monetarily alone.

68. The Defendants actions are deceptive and unfair under Conn. Gen. Statute § 42-110b and violates the CUTPA.

69. The acts of the Defendants serves to purposefully confuse consumers and competitors, and to directly remove products from the market by deceptive, unfair, malicious and unscrupulous means in lieu of them actually selling a superior product.

70. The acts of the Defendants serve to assert false trademark ownership and rights, which violates public policy.

71. The acts of the Defendants serve to mislead public officials at US Border Patrol and to use their functions for improper purposes, which also offends public policy.

72. The acts of the Defendants also serve to impair and destroy the Plaintiffs' business in this State, which is immoral, unscrupulous and unfair without providing any possible or proper countervailing benefit to consumers or other businesses such to justify it.

73. A copy of this complaint will be transmitted to the Attorney General.

WHEREFORE, the Plaintiffs claim:

    A. Costs

    B. Attorney fees

    C. Damages and punitive damages under CGS §42-110g

    D. Injunctive relief that the Defendants retract all complaints filed with Amazon against the Plaintiff and not file any new complaint with Amazon, or US Customs and Border Patrol without leave of Court upon a showing of probable cause supported by oath or affirmation and with evidence

supporting the same.

### COUNT THREE: LIBEL (PLAINTIFF LIGERI v ALL DEFENDANTS)

74. The Defendants reduced the statements set forth and particularly described in ¶¶12, 13, 37, 39-41, 43-56 herein to writing.

75. The statements were false.

76. The statements were made knowing that they were false.

77. The statements were made with reckless disregard as to their falsity and their inaccuracies.

78. The statements were made to falsely accuse the Plaintiff of dishonesty.

79. The statements were made to falsely accuse the Plaintiff of criminal wrongdoing.

80. The statements were made with intention to inflict damage and did in fact lead to damage.

81. The statements were made well outside any administrative or legal proceeding.

82. The Plaintiff has demanded a retraction of these statements at numerous points prior to this action, and no retraction was forthcomming.

WHEREFORE, the Plaintiffs claim:

   A. Costs

   B. Attorney fees

   C. Damages

## COUNT FOUR: SLANDER (PLAINTIFF LIGERI v ALL DEFENDANTS)

83. The Defendants' statements set forth and particularly described in ¶¶ 12, 13, 37, 39-41, 43-56 were made orally to numerous individuals.

84. The statements were false.

85. The statements were made knowing that they were false.

86. The statements were made with reckless disregard as to their falsity and their inaccuracies.

87. The statements were made to falsely accuse the Plaintiff of dishonesty.

88. The statements were made to falsely accuse the Plaintiff of criminal wrongdoing.

89. The statements were made with intention to inflict damage and did in fact lead to damage.

90. The statements were made well outside any adminstrative or legal proceeding.

91. The Plaintiff has demanded a retraction of these statements at numerous points prior to this action, and no retraction was forthcomming.

WHEREFORE, the Plaintiffs claim:

　　A. Costs

　　B. Attorney fees

　　C. Damages

# VERIFICATION

STATE OF CONNECTICUT

s.s. Jewett City

COUNTY OF NEW LONDON

I, Benjamin Ligeri, being over the age of 18 and having personal knowledge of the facts herein, do hereby swear and affirm the same to be true under penalty of perjury:

Benjamin Ligeri

Benjamin Ligeri, known to me or having satisfactorily identified himself, made oath as to the foregoing, before me, this 2nd day of May, 2022:

Maira C Fowler
Notary Public                My Commission Expires: _____

MAIRA C. FOWLER
NOTARY PUBLIC #77142
State of Connecticut
My Commission Expires
August 31, 2023

FOR THE PLAINTIFF,
BENJAMIN LIGERI

By: /s/ct30870
Paulus Chan
Paulus H. Chan, Esq.
157 Forest Hill Road,
North Haven CT 06473
Tel: (860) 250-9536
Fax: (860) 631-1111
Email: phc_ssg@yahoo.com