UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Benjamin Joseph LIGERI & CENTRAL CONCEPTS, INC., <br>     *Plaintiffs*, <br><br> v. <br><br> Joshua TISCHER, OPTIMISTIC INVESTMENTS, INC., & Michael MURPHY <br>     *Defendants*. | 3:22-cv-00629 (KAD) <br><br><br><br><br> MAY 6, 2022 |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF # 7)**

Kari A. Dooley, United States District Judge:

Plaintiffs Benjamin Ligeri and Central Concepts Inc. ("Plaintiffs") have moved for a temporary restraining order ("TRO") and therein seek a mandatory injunction requiring Defendants, Joshua Tischer, Optimistic Investments, Inc. and Michael Murphy to retract certain complaints they have allegedly made to Amazon and to cease and desist the filing of other complaints.

**Legal Standard**

"Issuance of preliminary injunctive relief, such as a TRO or preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Maxum Petroleum, Inc. v. Hiatt*, No. 3:16-CV-01615 (VLB), 2016 WL 5496283, at *1 (D. Conn. Sept. 28, 2016) (quoting *Garcia v. Yonkers Sch. Dist.*,

561 F.3d 97, 107 (2d Cir. 2009)). "When considering whether to issue a temporary restraining order, the court employs the same standard used to review a request for a preliminary injunction." *Baltas v. Maiga*, No. 3:20-CV-1177 (MPS), 2020 WL 6275224, at *20 (D. Conn. Oct. 26, 2020); *see also, e.g.*, *Merrill Lynch*, 477 F. Supp. 2d at 474–75 (applying same standard to both types of requests for preliminary injunctive relief).

This standard requires the moving party to "establish '(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction.'" *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183–84 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)).[1] "To establish a likelihood of success on the merits, a plaintiff 'need not show that success is an absolute certainty'"—rather, "'[h]e need only make a showing that the probability of his prevailing is better than fifty percent.'" *Broker Genius, Inc. v. Volpone*, 313 F. Supp. 3d 484, 497 (S.D.N.Y. 2018) (quoting *Eng v. Smith*, 849 F.2d 80, 82 (2d Cir. 1988)).

However "when the injunction sought 'will alter rather than maintain the status quo' the movant must show 'clear' or 'substantial' likelihood of success." *No Spray Coal., Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (*per curiam*). Here, Plaintiff seeks to alter the status quo by requiring the Defendants to retract complaints and they are therefore subject to this heightened burden.

"'A showing of irreparable harm is the single most important prerequisite' for the issuance of a temporary restraining order." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 447 (D. Conn.

---

[1] Courts may also consider whether the balance of equities tip in the moving party's favor, and whether "an injunction is in the public interest." *E.g.*, *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quotation marks omitted).

2020) (quoting *Faiveley*, 559 F.3d at 118). "To satisfy the irreparable harm requirement, the [Plaintiff] must demonstrate that, absent a temporary restraining order, '[he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.'" *Id*. (quoting *Faiveley*, 559 F.3d at 118.) "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore*, 409 F.3d at 510.

**Discussion**

Familiarity with the allegations in the verified complaint is presumed. The Court does not detail those allegations here.

By verified complaint, Plaintiffs assert that the Defendants have and continue to tortiously interfere with their business expectancies, specifically their ability to sell products using their Legacy Account on the Amazon sales platform. The Defendants are alleged to have filed false and frivolous claims with Amazon that Plaintiffs' products either: infringe a copyright; infringe a trademark; or are counterfeit, all of which would violate the Amazon platform policies. As a result, Amazon has removed some of Plaintiffs' products from the website resulting in lost sales. Plaintiffs allege that this conduct can result in the diminished value of the Legacy Account and might ultimately destroy Plaintiff's ability to do business on the Amazon platform entirely. Finally, Plaintiffs assert that the loss of a Legacy Account cannot be addressed through damages given the various advantages afforded such accounts which once lost, are lost forever.

On the papers submitted, the Court cannot conclude that the Plaintiffs have shown a "clear and substantial" likelihood of success on the merits of their claim. In order to find that the Defendants' conduct was tortious, the Court would be required to find that the complaints were false or frivolous. In order to determine that the complaints were false or frivolous, the Court

would need to assess whether the Plaintiffs' products infringed a copyright, were counterfeit, or infringed a trademark, which in turn requires detailed and sometimes nuanced analysis under very complex bodies of law. *See Tiffany and Company v. Costco Wholesale Corp.*, 971 F.3d 74, 84–85 (2d Cir. 2020) (discussing trademark violations and an eight-factor test used to assess potential trademark infringement); *Gruner + Jahr USA Pub. v. Meredith Corp.*, 991 F.2d 1072, 1074 (2d Cir. 1993) ("Before us on this appeal is a trademark infringement case. Review in this area of the law is similar to when those old-time radio comedians, Fibber McGee and Molly, opened their closet and out would pour a welter of miscellany from hub caps and baby carriages to broken umbrellas. The equivalent outpour in trademark law reveals complex statutory provisions, numerous factors that trial judges must consider and an appellate court review, definitions of the various kinds of marks, which overlap and shade into one another, and a jumble of adjectives describing the trademark review process."); *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.,* 166 F.3d 65, 71 (2d Cir. 1999) (discussing the sometimes complicated and nuanced analysis required in copyright infringement matters.). The Plaintiffs ask this Court to summarily decide that no such infringement has occurred by looking at internet screenshots of the products at issue. This the Court cannot do. Although there is evidence from which to infer that the defendants are selectively targeting the Plaintiffs, *e.g.*, allegations that the Defendants are not challenging other sellers of similar products, this does not establish one way or the other whether the complaints themselves are frivolous or false.

      Further, nor does the submission establish irreparable harm absent immediate action by this Court. The submission makes clear that Amazon gives sellers a mechanism and process by which to dispute or challenge a complaint. It encourages sellers who believe the complaint is in error to contact Amazon so that Amazon can investigate. There is no indication that the Plaintiffs

have availed themselves of this process before seeking the extraordinary relief identified in the motion for temporary restraining order. Indeed, Plaintiff alleges that Amazon requires sellers such as the Plaintiffs to initiate litigation against the complainant if there is a dispute as to the complaint. This allegation is at odds with the Plaintiffs' exhibits which clearly instruct otherwise.

The Court offers no opinion as to whether, following the hearing on the motion for preliminary injunction, the Plaintiffs might meet their evidentiary burden, only that they have not done so at this juncture.

**Conclusion & Orders**

For these reasons, the motion for a temporary restraining order is DENIED.  The Court shall schedule a hearing on the motion for preliminary injunction per the attached order.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of May 2022.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Benjamin Joseph LIGERI & CENTRAL CONCEPTS, INC., <br> *Plaintiffs*, <br><br> v. <br><br> Joshua TISCHER, OPTIMISTIC INVESTMENTS, INC., & Michael MURPHY <br> *Defendants*. | 3:22-cv-00629 (KAD) <br><br><br> MAY 6, 2022 |

**ORDER**

The Honorable Kari A. Dooley, United States District Judge:

The Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 7, having been presented to the Court, **IT IS HEREBY ORDERED**:

1. A hearing shall be held on Monday, May 23, 2022 at 1:00 p.m. in Courtroom 4 – Annex, 915 Lafayette Boulevard, Bridgeport, Connecticut at which the Court shall hear evidence on the Motion for Preliminary Injunction.

2. Plaintiffs shall serve the Defendants with a copy of this Order, the Verified Complaint, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, together with all attachments, no later than May 13, 2022, and shall file proof of service thereafter.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of May 2022.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE